# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RON WOLTERS,

      Petitioner,      :      Case No. 2:23-cv-03988

  - vs -      District Judge James L. Graham
      Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

      :
      Respondent.

## DECISION AND ORDER

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 with the assistance of counsel. It is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," ECF No. 16).

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are OVERRULED for the reasons set forth below.

Wolters was convicted by a jury of three counts of rape and eight counts of gross sexual imposition on his five-year-old stepgrandaughter in the Guernsey County Court of Common Pleas. He was sentenced to seventy-five years to life imprisonment. The Ohio Fifth District Court of Appeals affirmed his conviction. *State v. Wolters*, 185 N.E.3d 601 (Ohio App. 5th Dist. Feb. 24,

1

2022), and the Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *State v. Wolters,* 167 Ohio St.3d 1407 (2022). Wolters filed an application to reopen under Ohio R. App. P. 26(B) raising claims of ineffective assistance of appellate counsel (State Court Record, ECF No. 7, Ex. 23). The Fifth District denied the application (*Id.* at Ex. 24) and the Ohio Supreme Court again declined to accept jurisdiction of an appeal. *Id.* at Ex. 27.

The Petition pleads three grounds for relief which the State defended on the merits. The Magistrate Judge found that the Fifth District's decisions on these claims was entitled to deference under 28 U.S.C.§ 2254(d). Petitioner has objected on all three grounds which are here examined in turn.

**Ground One: Conviction Based on Insufficient Evidence**

In his First Ground for Relief, Petitioner claims he was convicted on insufficient evidence. The Report recited the findings by the Fifth District Court of Appeals that there was extensive testimony by the child victim, corroborated by Nurse Practitioner Elisha Clark, to support the verdict (Report, ECF No. 16, PageID 2197-2201). Applying the standard from *Jackson v. Virginia*, 443 U.S. 307 (1979), the Magistrate Judge found the testimony of the victim alone is sufficient evidence, even without the expert corroboration. *Id.* at PageID 2201-02, citing *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008), *citing United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty."); see also *O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007).

The Magistrate Judge also noted the corroborative impact of Wolters' recorded calls from jail to his wife wherein he does not deny engaging in sexual contact with his step-granddaughter, but merely claims to have been overcharged (Report, ECF No. 16, PageID 2202).

2

Wolters acknowledges that the law in the Sixth Circuit is that a victim's testimony alone is sufficient for conviction (Objections, ECF No. 19, PageID 2216).  However, he quarrels with the Fifth District's and the Magistrate Judge's reference to his recorded calls from jail:

> The magistrate and the court of appeals place too much emphasis on phone calls. If you are not to evaluate credibility in insufficiency, this is looking well beyond the evidence itself. It is surmising or presuming what testimony means. It can also be that looking at the evidence and the statute, he does not believe a conviction is possible. Nowhere in those calls has he made any admissions to these charges.

(Objections, ECF No. 19, PageID 2216-17).  The Report's reference to the calls occupies one paragraph out of eight pages devoted to analysis of the First Ground for Relief  (ECF No. 16, PageID 2194-2202).  The Fifth District's discussion of the calls is as follows:

> {¶9} While in jail, Appellant made several phone calls, which were recorded. Appellant asked his wife to talk to the victim, and to ask her (1) did this happen every time, and (2) did grandpa ever hurt you. Appellant told his wife the charges included eight counts of something which never happened and seven counts which were overcharged. In a second call to his wife, Appellant asked her to find out if the victim was saying it happened all those times or if it was the prosecutor, because if it was the prosecutor, fourteen of the sixteen counts would have to be dropped. In another phone call to his aunt, Appellant stated fourteen of the charges did not happen.

*State v. Wolters,* 185 N.E.3d 601 (Ohio App. 5th Dist. Feb. 24, 2022).

The Court finds the calls as reported are indeed corroborative of the charges and not overemphasized by the Magistrate Judge.  Petitioner's Objections as to Ground One are overruled.

**Ground Two: Violation of Confrontation Clause Rights**

In his Second Ground for Relief, Petitioner asserts his right to confront his accuser was

3

violated when the victim was allowed to testify by closed circuit television. The trial judge allowed the victim's testimony to proceed in this way after an evidentiary hearing showed to the court's satisfaction that requiring the child victim to testify in the physical presence of the Petitioner was substantially likely to cause her further emotional harm. The Ohio statute under which the trial court acted follows the steps needed to authorize closed circuit testimony adopted by the Supreme Court in *Maryland v. Craig*, 497 U.S. 836 (1990).

The Magistrate Judge concluded the trial court's finding was sufficient to show compliance with Craig: the finding was case specific and based on the testimony of a nurse with a great deal of experience in child abuse cases. The Report notes that Petitioner presented no evidence at all in the *in limine* hearing on this issue and his sole claim appeared to be that Nurse Clark was not qualified enough (Report, ECF No. 16, PageID 2205).

Petitioner's Objections merely repeat this claim in conclusory fashion:

> Here, the only witness to testify at the hearing about the ability of the alleged victim to testify in open court was the Nurse who examined the child for sexual abuse. The testimony was not based on anything the child said but on the conjecture of the nurse. She had neither the training nor the expertise to testify regarding the psychological trauma the alleged victim may have suffered. As was the case in the testimony regarding sexual abuse, this so-called expert was testifying to matters where she had little or no experience or training.

(Objections, ECF No. 19, PageID 2217).

However, as the Report notes, the Supreme Court has placed no qualification requirements on witnesses who support a *Craig*-exception. Nor does Petitioner even suggest what qualifications he believes are necessary or any authority in support of such qualifications. He also fails to rebut the Report's finding that he presented no evidence at all in the *in limine* proceedings.

Petitioner's Objections as to Ground Two are overruled.

4

**Ground Three: Ineffective Assistance of Appellate Counsel**

The Report concluded Petitioner's Third Ground for Relief was claiming ineffective assistance of appellate counsel because he was complaining of the omission of ineffective assistance of trial counsel claims from the direct appeal. Petitioner raised these claims in an Application for Reopening under Ohio R. App. P. 26(B) and the Fifth District rejected them on the merits[1], applying the two-pronged standard from *Strickland v. Washington,* 466 U.S. 668 (1984). The Report concluded Petitioner therefore had to show the application of *Strickland* was unreasonable but had failed to do so: "In his Traverse, however, Petitioner does nothing more than re-assert the claim of prejudice in completely conclusory fashion." (Report, ECF No. 16, PageID 2208).

Petitioner objects generally: "Petitioner would generally object to the finding that there was no ineffective assistance from counsel. Petitioner would expressly object to the findings that prejudice prong of *Strickland* was conclusory." (Objections, ECF No. 19, PageID 2218). He then proceeds to spell out the behavior of trial counsel that he believes constituted ineffective assistance of trial counsel: failure to object to leading questions and failure to object to alleged misstatements of fact in the prosecutor's closing argument. *Id.*

Petitioner's counsel here attempts to add claims he never pleaded before the Magistrate Judge. The Report's characterization of these claims as conclusory is correct: Petitioner points to no place in his Traverse where he made these claims in a fashion the Magistrate Judge could evaluate. It would completely undermine the function of the Magistrate Judge to allow a petitioner to raise claims in objections that were not made specific before a report was filed.

---

[1] The 26(B) application was untimely, but the Fifth District excused the late filing.

Petitioner's Objections on Ground Three are overruled.

**Conclusion**

Based on this analysis, Petitioner's Objections are overruled in their entirety and the Magistrate Judge's Report is adopted. The Clerk shall enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 16, 2024.

    *s/ James L. Graham*
    James L. Graham
    United States District Judge